Clement A. ST. HILAIRE

v.

Greg CO–WALLIS.

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 13, 1991.
Decided Nov. 21, 1991.

Clement St. Hilaire, pro se.

Kimberly Tardy, Samuel Rudman, Black, Lambert, Coffin & Rudman, Portland, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

PER CURIAM.

Clement A. St. Hilaire appeals from the judgment entered in the Superior Court (Oxford County, *Delahanty, C.J.*) on a directed verdict granted to Greg Co–Wallis on St. Hilaire's complaint against him seeking damages for his alleged breach of contract and negligence in failing to prevent water pipes bursting in a vacant house owned by St. Hilaire and his former wife. Contrary to St. Hilaire's contentions, the trial court did not err in its evidentiary rulings and properly determined that St. Hilaire had failed to establish the existence of a contract between the parties or any duty owed by Co–Wallis to St. Hilaire. *See Bard v. Bath Iron Works Corp.*, 590 A.2d 152, 154 (Me.1991); *Inniss v. Methot Buick–Opel, Inc.*, 506 A.2d 212, 215 (Me. 1986). Nor is there any merit in St. Hilaire's contentions that the court's denial of Co–Wallis's motion for summary judgment precluded the court from granting a directed verdict at the trial, *Gross v. Southern Railway Co.*, 446 F.2d 1057, 1060 (5th Cir. 1971); *Robbins v. Milner Enterprises, Inc.*, 278 F.2d 492, 496–97 (5th Cir.1960); 6 J. Moore, W. Taggart & J. Wicker, *Moore's Federal Practice* ¶ 56.04[2] (2d ed. 1985), or that the court's award of costs to Co–Wallis, pursuant to M.R.Civ.P. 54(e), included attorney fees.

Sanctions may be imposed when we find an appeal is frivolous or has been instituted primarily for the purposes of delay. M.R.Civ.P. 76(f). We conclude that the present appeal is frivolous and accordingly impose sanctions pursuant to M.R.Civ.P. 76(f) in the amount of $500 to be paid to Greg Co–Wallis on account of his attorney fees together with treble costs.

The entry is:

Judgment affirmed. The plaintiff shall pay to the defendant $500 on account of defendant's attorney fees and treble costs.

All concurring.